# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et ano., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00128-DGK |
| | ) | |
| NEXT-GEN, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

The Parties seek entry of a protective order to govern the discovery and disclosure of certain confidential materials to be produced in this litigation. They agree that certain categories of information should be treated as confidential, protected from disclosure or dissemination outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties believe that good cause exists for entry of a protective order that is narrowly tailored to balance the Parties' need to obtain discovery in this action with their interest in protecting confidential information as contemplated by Rule 26.

For good cause shown, pursuant to Fed. R. Civ. P. 26(c) and upon the stipulation of all parties, the Court grants the Parties' joint motion and enters the following Protective Order:

### DEFINITIONS

A. "Confidential Material" means material produced or received in pretrial discovery that (a) contains Sensitive Personal Information or (b) has been certified as Confidential Material by an attorney pursuant Paragraph 4 below.

B. "Sensitive Personal Information" means any (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, phone number or

email address: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

## PROVISIONS FOR TREATMENT OF CONFIDENTIAL MATERIAL

1. Scope of Protective Order. This Protective Order governs all discovery and filings in this lawsuit. In the event information deemed Confidential under this Protective Order is contained in a filing with the Court, the Party will file a public copy with the Confidential Information redacted from the filing and will file a non-redacted copy under seal if warranted.

2. All documents and information produced by any party or third party as part of pretrial discovery in this litigation are presumptively public unless it satisfies the conditions set out herein.

3. Any party to this litigation and any third-party that executes Exhibit 1 to this Order ("Covered Third Party") shall have the right to designate as "Confidential Material" and subject to this Order any information, document or thing, or portion of any document or thing that contains Confidential Material or Sensitive Personal Information, as are defined above.

4. An attorney producing documents or information in discovery may designate such as "Confidential Material" if the attorney certifies in good faith that the document or information contains:

    a. Sensitive Personal Information;

    b. trade secret(s), competitively sensitive technical, marketing, financial, sales or or other confidential research, development, or business information that is

> not known to be in the public domain and that, if disclosed to unauthorized persons, would cause competitive or other recognized harm; and that good cause exists to overcome the presumption of public access to such document or information; or
>
> c. other material which the producing party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c).

The certifying attorney must designate specific documents or information as Confidential Material. Mass, indiscriminate, or routinized designations are prohibited. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated as Confidential Material.

> 5. Confidential Material must be marked as follows:
>
>     a. Hard copy documents shall be marked "CONFIDENTIAL MATERIAL-SUBJECT TO PROTECTIVE ORDER." If any document contains Confidential Material only in part, then only the portions of the document containing Confidential Material shall be marked "CONFIDENTIAL MATERIAL-SUBJECT TO PROTECTIVE ORDER."
>
>     b. Electronic documents or other electronically stored information shall be marked "CONFIDENTIAL MATERIAL-SUBJECT TO PROTECTIVE ORDER" by marking each electronic document that contains Confidential Material. Any electronic storage medium (e.g., DVD), as well as any electronic file and folder name containing Confidential Material shall be labeled "CONFIDENTIAL MATERIAL-SUBJECT TO PROTECTIVE ORDER."

c. An attorney wishing to designate any portion of a deposition transcript as Confidential Material must, either designate portions of the transcript to be treated as Confidential Material on the record or within ten days of receipt of the final transcript, identify the specific page(s) and line number(s) that constitute Confidential Material and serve the designations upon all parties. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as Confidential Material until ten days after receipt of the final transcript. This period may be extended by agreement of the parties. During the ten days after receiving the final transcript, no individual attending the deposition shall disclose its contents to any individual other than those described in paragraph 8 below. Upon being informed that certain portions of a deposition are to be treated as Confidential Material, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit the disclosure of the designated portion(s) of the transcript in accordance with this Protective Order.

6. To the extent consistent with applicable law, the inadvertent or unintentional failure to mark Confidential Material as such prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order. Such inadvertent or unintentional failure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying

in writing counsel for all parties to whom the material was disclosed that the material should have been designated as Confidential Material within a reasonable time after the disclosure.

7. Any party may object to a Confidential Material designation by providing all parties or Covered Third Party a written objection within ten days of being notified of the designation. The objecting party shall describe with particularity the documents or information in question and shall state the grounds for the objection. Counsel for the designating party or Covered Third Party shall respond in writing to such objections within ten days and shall state with particularity the grounds for asserting that the document or information should be treated as Confidential Material. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or Covered Third Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then meet and confer in good faith in an effort to resolve the dispute. If a dispute regarding the confidential designation cannot be resolved by agreement, the designating party must then move the Court to uphold the designation within fourteen days after the expiration of the ten-day period referenced above. The burden of proving that the designation is proper is on the designating party. The document or information that is the subject of the filing shall be treated as originally designated pending resolution by the Court. Failure to seek timely an order upholding the designation terminates confidential treatment.

8. Confidential Material may only be disclosed to:

   a. the Court and court personnel;

   b. the parties' outside counsel and designated employees either of the party or the parties' outside counsel only to the extent necessary to assist in the litigation;

c. experts and contractors consulted or retained by the parties or their counsel, and the experts' or contractors' employees, provided that they agree in writing to abide by this protective order or execute either Exhibit 1 hereto or FTC Form X33-Nondisclosure Agreement for Contractors, a copy of which is attached hereto as Exhibit 2;

d. any person, including witnesses, who has had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material; and

e. witnesses and their counsel who agree in writing to abide by this protective order either by executing Exhibit 1, Exhibit 2, or in some other written form.

9. Disclosure of Confidential Material to any person described in Paragraph 8 shall be only for the purposes of preparing for and conducting the prosecution or defense of this action, including any appeal, therefrom. More specifically, Confidential material may be used as evidence or for impeachment purposes in the contexts of depositions, dispositive motions and hearings, at trial, and in any appeal. Provided, however, that the Commission may, subject to taking appropriate steps to preserve its confidentiality, use or disclose such Confidential Material as provided by 16 C.F.R. §§ 4.9-4.11; 15 U.S.C. §§ 46 and 57b-2, or any other legal obligation imposed upon the Commission.

10. Confidential material shall be used only by individuals permitted access to it under Paragraphs 8 and 9. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

11. An attorney may not file Confidential Material with the Court unless:

   a. the attorney first files a motion seeking leave to file the Confidential Material under seal. If the motion is granted, the attorney shall file the Confidential Material under seal. If the motion is denied, the attorney may file the Confidential Material on the public docket; or

   b. the attorney provides the designating party fourteen days' written notice prior to filing the Confidential Material on the public docket, to provide an opportunity for the designee to seek further protection from the Court, or during that time the parties reach an agreement pertaining to the use of the Confidential Material, either using the material in an agreed redacted form or otherwise. If the designee seeks protection within the fourteen days, the Confidential Material may not be filed on the public docket before the Court has ruled on the designee's request.

12. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms, and without prejudice to the parties' modification by written agreement.

13. Nothing in this Order, including the provision for resolving disputes regarding the designation of certain material as Confidential Material, shall serve as the basis for refusing to produce that particular material or any other information as required by the Federal Rules of Civil Procedure.

14. At the conclusion of this case, including appeals, any expert, consultant, or other person retained to assist counsel in the preparation of this action shall destroy or return to

counsel all Confidential Material in his or her possession. All Confidential Material held by the parties shall be destroyed or returned to the designee, except (a) material that becomes a part of the Court record in this matter or any appeals; (b) work product of counsel; or (c) material that the FTC shall retain, return, or destroy in accordance with 16 C.F.R. § 12.

15. This Order continues to govern Confidential Material after conclusion of the case absent further order of the Court or by written stipulation of the parties filed with the Court.

**IT IS SO ORDERED.**

Date:  April 25, 2018  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT