# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00128-DGK |
| | ) | |
| NEXT-GEN, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF A TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

The Federal Trade Commission and the State of Missouri (together "Plaintiffs") filed a Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Sections 407.020, *et seq.*, of the Missouri Merchandising Practices Act ("MMPA"). (Doc. 1). Plaintiffs have also filed a motion for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants Next-Gen, Inc.; Westport Enterprises, Inc.; Opportunities Unlimited Publications, Inc.; Opportunities Management Co.; Summit Management Team, LLC; Contest America Publishers, Inc.; Reveal Publications, LLC; AOSR Corporation, formerly known as Subscription Reporter Corporation, formerly known as Sweepstakes Reporter Co., Inc.; Lighthouse FLA Enterprises, LLC; Gamer Designs, LLC; Kevin R. Brandes; and William J. Graham (collectively "Defendants"). (Doc. 2). Defendants have filed Suggestions in Opposition (Doc. 32), and Plaintiffs have filed Reply Suggestions (Doc. 36).

**FINDINGS OF FACT**

The Court, having considered the Complaint, the Motion for a Temporary Restraining Order, declarations, exhibits, and the suggestions filed in support thereof and any opposition thereto, finds that:

A.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.     There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Section 407.020 of the MMPA, and that Plaintiffs are therefore likely to prevail on the merits of this action. Plaintiffs have established a likelihood of success in showing that:

- Defendants have distributed through the mail, to consumers throughout the United States and abroad, deceptive (1) sweepstakes notifications, (2) so-called "games of skill," and (3) newsletter subscription solicitations.

- Defendants' mailers give consumers the false impression that they have won, or are likely to win, a substantial cash prize that the consumers must pay a fee to obtain.

- Since 2013, the Defendants have taken in at least $110 million from consumers via their mailers.

C.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act and the MMPA unless Defendants are restrained and enjoined by order of this Court.

D.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including monetary restitution, rescission,

disgorgement, or refunds—will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court.

E.      Good cause exists for appointing a temporary receiver over the Receivership Entities, freezing Defendants' assets, and permitting Plaintiffs and the Receiver to take expedited discovery.

F.      Weighing the equities and considering Plaintiffs' likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, expedited discovery, and other equitable relief is in the public interest.

G.      This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Section 407.100 of the MMPA; Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

H.      No security is required of any agency of the United States for issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

### DEFINITIONS

A.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.      "**Corporate Defendants**" means Next-Gen, Inc.; Westport Enterprises, Inc.; Opportunities Unlimited Publications, Inc.; Opportunities Management Co.; Summit Management Team, LLC; Contest America Publishers, Inc.; Reveal Publications, LLC; AOSR Corporation; Lighthouse FLA Enterprises, LLC; and Gamer Designs, LLC; and each of their subsidiaries, affiliates, successors, and assigns.

C.      "**Defendant(s)**" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination.

D.     "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

E.     "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

F.      "**Individual Defendant(s)**" means Kevin R. Brandes and William J. Graham, individually, collectively, or in any combination.

G.     "**Receiver**" means the temporary receiver appointed in Section XII of this Order and any deputy receivers that shall be named by the temporary receiver.

H.     "**Receivership Entities**" means (1) the Corporate Defendants and (2) any other entity that has conducted any business related to the Defendants' distribution of deceptive sweepstakes or other prize mailers, including receipt of Assets derived from any activity that is the

subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

**ORDER**

## I. PROHIBITION AGAINST DECEPTIVE REPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the distribution of sweepstakes or other prize mailers, including but not limited to sweepstakes promotions, games of skill, or newsletter subscription solicitations, are temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to representations that a consumer has won or is likely to win a prize.

## II. PROHIBITION AGAINST DECEPTIVE OMISSIONS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the distribution of sweepstakes or other prize mailers, including but not limited to sweepstakes promotions, games of skill, or newsletter subscription solicitations, are temporarily restrained and enjoined from failing to clearly and conspicuously disclose, or assisting others in failing to clearly and conspicuously disclose, any material fact, including but not limited to:

A.      That there are multiple rounds in each game of skill;

B.      That in order to win a substantial cash prize, consumers will have to pay fees in addition to the initial registration or processing fee to advance to subsequent rounds; or

C.     That the final qualifying question is different and more complex than the initial qualifying questions.

### III.  PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.     Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.     Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

### IV.     ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive

actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

    1.  owned or controlled, directly or indirectly, by any Defendant;

    2.  held, in part or in whole, for the benefit of any Defendant;

    3.  in the actual or constructive possession of any Defendant; or

    4.  owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.     Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## V. DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) and that (a) holds, controls, or maintains custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that is: owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; (b) holds, controls, or maintains custody of any Document or Asset associated with credits, debits or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has held, controlled, or maintained custody of any such Document, Asset, or account at any time since the date of entry of this Order shall:

A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court;

B.    Deny any Person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C.    Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth:

   1.   The identification number of each such account or Asset;

   2.   The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

   3.   The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D.    Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and

from the accounts, including wire transfers and wire transfer instructions, all other

debit and credit instruments or slips, currency transaction reports, 1099 forms, and

all logs and records pertaining to safe deposit boxes, commercial mail boxes, and

storage facilities.

Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation

of foreign Assets specifically required by this order.

## VI. FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that, within five (5) days of entry of this Order, to the

extent not already disclosed:

A. The Individual Defendants shall each prepare and deliver to Plaintiffs' counsel and the Receiver a completed financial statement on the form captioned "Financial Statement of Individual Defendant," attached to this Order as Attachment A;

B. Each Corporate Defendant shall prepare and deliver to Plaintiffs' counsel and the Receiver a completed "Financial Statement of Corporate Defendant," attached to this Order as Attachment B;

C. For each business entity owned, controlled, or managed by any Individual Defendant, regardless of whether it is a defendant in this case, the Individual Defendant shall also prepare and deliver to Plaintiffs' counsel and the Receiver a completed "Financial Statement of Corporate Defendant," attached to this Order as Attachment B;

D. Each Defendant shall provide Plaintiffs' counsel and the Receiver a list of all assets valued over $1,000 transferred, liquidated, converted, encumbered, pledged, loaned, sold, assigned, spent, withdrawn, or otherwise disposed of since the date of the filing of the Complaint in this action; and

E.      Each Defendant shall provide Plaintiffs' counsel and the Receiver an executed IRS

Form 4506, Request for Copy of a Tax Return, attached to this Order as Attachment

C, for each Individual and Corporate Defendant.

## VII.  FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order,

each Defendant shall, to the extent not already disclosed:

A.      Provide Plaintiffs' counsel and the Receiver with a full accounting, verified under

oath and accurate as of the date of this Order, of all Assets, Documents, and

accounts outside of the United States which are:  (1) titled in the name, individually

or jointly, of any Defendant; (2) held by any person or entity for the benefit of any

Defendant or for the benefit of, any corporation, partnership, asset protection trust,

or other entity that is directly or indirectly owned, managed or controlled by any

Defendant; or (3) under the direct or indirect control, whether jointly or singly, of

any Defendant;

B.      Take all steps necessary to provide Plaintiffs' counsel and the Receiver access to

all Documents and records that may be held by third parties located outside of the

territorial United States of America, including signing the Consent to Release of

Financial Records appended to this Order as Attachment D.

C.      Transfer to the territory of the United States all Documents and Assets located in

foreign countries which are: (1) titled in the name, individually or jointly, of any

Defendant; (2) held by any person or entity for the benefit of any Defendant or for

the benefit of, any corporation, partnership, asset protection trust, or other entity

that is directly or indirectly owned, managed or controlled by any Defendant; or (3)

under the direct or indirect control, whether jointly or separately, of any Defendant; and

D.     The same business day as any repatriation, (1) notify the Receiver and Plaintiffs' counsel of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VIII.  NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.     Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## IX.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiffs may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1),

and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiffs.

## X.  PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## XI.  REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver

with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XII. TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Eric. L. Johnson of Kansas City, Missouri, is appointed as temporary receiver of the Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XIII. DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.    Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.    Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.    Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities. The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under

the direction, possession, custody, or control of, the Receivership Entities. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

D.     Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts) by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

E.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

F.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation

incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

G.   Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses, including but not limited to:

- 1401 Armour Road, North Kansas City, MO 64116
- 21 NE Skyline Dr., Lees Summit, MO, 64086
- 7300 W 110th St., Ste 700, Overland Park, KS 66210
- 135 Oak St., Bonner Springs, KS 66012

Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

H.   Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to Plaintiff's

representatives, agents, and assistants, as well as Defendants and their representatives;

I.   Enter into and cancel contracts and purchase insurance as advisable or necessary;

J.   Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

K.   Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

L.   Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

M.   Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

N.   Open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

O.   Maintain accurate records of all receipts and expenditures incurred as Receiver;

P.   Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access. Plaintiffs' or Defendants' access to the Receivership Entities' documents pursuant to this Section shall not provide grounds for any party to object to any subsequent request for documents;

Q.   Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

R.   Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

S.   Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

T.   If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over

the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity; and

U.     If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## XIV.  RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver shall report to this Court on or before the date set for the hearing to Show Cause regarding the Preliminary Injunction, regarding:

A.     The steps taken by the Receiver to implement the terms of this Order;

B.     The value of all liquidated and unliquidated assets of the Receivership Defendants;

C.     The sum of all liabilities of the Receivership Defendants;

D.     The steps the Receiver intends to take in the future to:

1.   prevent any diminution in the value of assets of the Receivership Defendants,

2.   pursue receivership assets from third parties, and

3.   adjust the liabilities of the Receivership Defendants, if appropriate;

E.     Whether the business of the Receivership Defendants can be operated lawfully and profitably; and

F.     Any other matters which the Receiver believes should be brought to the Court's attention.

Provided, however, if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XV.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants and any other persons, with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.     All Assets held by or for the benefit of the Receivership Entities;

B.     All Documents of or pertaining to the Receivership Entities;

C.     All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

D.     All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

E.     All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XVI.  PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that, within forty-eight hours of entry of this Order:

A.     Defendants shall provide to the Receiver a list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.     Defendants shall provide to the Receiver a list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities;

C.     Defendants shall provide to the Receiver a description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

D.     If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than those listed herein, including personal residence(s) of any Individual Defendant, then the Defendants or Receivership Entities shall produce to the Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access.

E.     If any communications or records of any Receivership Entity are stored with an Electronic Data Host, such Entity shall provide the Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third-party to attempt to access, the communications or records

# XVII. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, the Receivership Entities, and the Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

# XVIII. NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, the Receivership Entities, and the Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

    A.    Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

    B.    Transacting any of the business of the Receivership Entities;

C.   Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.   Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XIX.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.   Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 et seq., or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.   Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

C.      Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

Provided, however, that this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XX.   COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXI.  RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $5,000 with sureties to be approved by the Court, conditioned that the Receiver

will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754.

## XXII. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, and provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIII. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, to the extent applicable and not subsumed by completed discovery thus far, Plaintiffs and the Receiver are granted leave, at any time after entry of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45. The limited expedited discovery set forth in this Section shall proceed as follows:

A.    Plaintiffs and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.    Plaintiffs and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.    Plaintiffs and the Receiver may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories;

D.    Plaintiffs and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

E.    Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

F.    Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

G.    The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XXIV.  SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiffs, by any law enforcement agency, or by private process server, upon any Defendant or any Person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XXV.  CORRESPONDENCE AND SERVICE ON PLAINTIFFS

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiffs shall be addressed to:

> Richard McKewen
> Federal Trade Commission
> 915 Second Ave., Suite 2896
> Seattle, WA  98174
> Phone:  206-220-4595
> Fax:  206-220-6366
> Email:  rmckewen@ftc.gov
>
> Nathan Atkinson
> Assistant Attorney General
> 615 E. 13th Street, Suite 401
> Kansas City, MO 64106
> Phone:  816-889-3090
> Fax:  816-889-5006
> Email:  nathan.atkinson@ago.mo.gov

## XXVI.  SHOW CAUSE ORDER

**IT IS FURTHER ORDERED** that Defendants are ordered to show cause why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, continuing the freeze of their Assets, continuing the receivership, and imposing such additional relief as may be appropriate.

After review of the pleadings and extensive exhibits, the Court determines that a preliminary injunction hearing is unnecessary.  The disputed facts are amendable to complete resolution on the paper record.  *See Nat'l Union Fire Ins. Co v. Stucco Sys,* LLC, 289 F. Supp 3d 457, 463-63 (S.D.N.Y. 2018) ("[A]n evidentiary hearing is not required . . . when the disputed facts are amenable to complete resolution on a paper record." (*citing Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998)).  The Court can evaluate the overall net impression of the messages conveyed by Defendants' mailers without making credibility determinations.  *See Cumulus Media, Inc. v. Clear Channel Commc's*, 304 F.3d 1167, 1178 (11th Cir. 2002) ("An evidentiary hearing is required for entry of a preliminary injunction only where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue." (citation omitted)).

Defendants shall file with the Court and serve on Plaintiff's counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda within fourteen (14) days of this Order.  Plaintiffs may file responsive pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than seven (7) days after Defendants' filings.  Any filing by Plaintiff should include a specific request for preliminary injunction relief, detailing how such an injunction would differ, if at all, from the measures set forth by this Order.

## XXVIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.

**IT IS SO ORDERED.**

Date:   July 17, 2018                                  /s/ Greg Kays
                                                       GREG KAYS, CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT