# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:18-cv-00128-DGK |
| NEXT-GEN, INC., et al., | ) |
| Defendants. | ) |

## ORDER GRANTING TEMPORARY RECEIVER'S MOTION FOR FEES AND EXPENSES

Before the Court is the Temporary Receiver's First Application for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period July 17, 2018 through August 31, 2018 (the "Motion") (Doc. 196). The deadline to file a response to the Motion was October 1, 2018, but no party filed a response. On October 25, 2018, and pursuant to an Order (Doc. 221), the Temporary Receiver submitted billing statements in support of the Motion for *in camera* review. After reviewing the record and the billing statements, the Court GRANTS the Motion.

On July 17, 2018, this Court entered a Temporary Restraining Order ("TRO"). (Doc. 98). Among other things, the TRO appointed Eric Johnson as Temporary Receiver of the Receivership Entities[1] in this case. (*Id.* at 14). The TRO directed the Temporary Receiver to perform numerous tasks, including taking full control of the Receivership Entities, taking exclusive custody and control of all assets of the Receivership Entities, conserving such assets, and making an accounting

---

[1] The TRO defines a Receivership Entity as any corporate Defendant, and "any other entity that has conducted any business related to the Defendants' distribution of deceptive sweepstakes or other prize mailers, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant." (Doc. 98 at 4-5).

of all assets of the receivership. (*Id.* at 14-23). The TRO provided that the "Receiver and all personnel hired by the Receiver . . . are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities." (*Id.* at 24).

The Temporary Receiver now moves for an award of professional fees and expenses that were incurred from July 17, 2018 through August 31, 2018. The Motion seeks: (1) $58,616.00 in fees for the Temporary Receiver, (2) $180,648.50 in fees, plus $10,243.31 in expenses, for Spencer Fane LLP ("Spencer Fane"),[2] (3) $20,790.00 in fees, plus $9,350.00 in expenses, for UnitedLex Corporation ("UnitedLex"),[3] and (4) $1,961.28 in fees for RubinBrown LLP ("RubinBrown").[4] The total amount of professional fees requested is $262,015.78, and the total amount of expenses requested is $19,593.31. (Doc. 196 at 3).

The Motion explains that the Temporary Receiver and his retained professionals incurred such fees and expenses by performing tasks required by the TRO. (*Id.* at 8-9). These tasks included securing the Receivership Entities' business premises, taking an inventory of, and securing, all receivership assets, imaging and securing computers and computer servers, and investigating potential assets of the receivership. (*Id.*). Through his investigation, the Temporary Receiver has identified approximately $1,448,156.81 in assets, which "does not include the recently added lake house property owned by TB2 Partners, LLC (with an estimated value of $2.2 million[.]" (*Id.* at 7).

---

[2] The Temporary Receiver retained Spencer Fane "to provide legal services in the areas of commercial, employment and employee benefits law, receivership law, tax and litigation." (Doc. 196 p. 2).
[3] UnitedLex "ensure[d] the security of the Receivership Entities' electronic information and servers including imaging the relevant servers." (*Id.*).
[4] RubinBrown provided forensic consulting services and conducted a review of the Receivership Entities' assets and liabilities. (*Id.*).

After reviewing the record, the Court finds that the Motion should be granted. First, the total amount of fees and expenses requested is reasonable given the complex nature of this case and the numerous tasks performed by the Temporary Receiver. Second, the requested hourly rates are not unreasonable. The Motion states that the Temporary Receiver voluntarily reduced his standard hourly rate by 25%, that Spencer Fane voluntarily reduced each attorney's standard hourly rate by 20% or more and also capped paralegal rates at $125.00 per hour, and that RubinBrown voluntarily reduced its fees by 10%. The Motion states that these voluntary reductions amount to $83,675.92. (*Id.* at 4). Third, the fact that no opposition or other response has been filed also supports a finding that the amount of fees and expenses are reasonable. The Court, however, once again reminds the Temporary Receiver, and all parties, to only perform work that is reasonably necessary. All future requests for fees and expenses will be carefully reviewed.

Under all these circumstances, the Motion (Doc. 196) is GRANTED. Therefore, it is ORDERED that the Temporary Receiver may pay the following amounts from receivership assets: (1) $58,616.00 in fees to the Temporary Receiver, (2) $180,648.50 in fees, plus $10,243.31 in expenses, to Spencer Fane, (3) $20,790.00 in fees, plus $9,350.00 in expenses, to UnitedLex, and (4) $1,961.28 in fees to RubinBrown.

**IT IS SO ORDERED.**

Date:  November 6, 2018  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT