# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-00128-DGK |
| | ) |
| NEXT-GEN, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER APPROVING AND CONFIRMING SALE OF REAL AND PERSONAL PROPERTY LOCATED 78 SCENA CT, SUNRISE BEACH, MISSOURI

This matter comes before the Court to approve the sale of 78 Scena Ct., Sunrise Beach, Missouri and related property pursuant to 28 U.S.C. §§ 2001(b) and 2004. Eric L. Johnson, the duly appointed receiver (the "**Receiver**") of TB2 Partners, LLC ("**TB2**"), requests entry of an order, *inter alia*, authorizing the Receiver to sell and convey, the real and personal property located at 78 Scena Ct., Sunrise Beach, Missouri.

A hearing on this proposed sale (the "**Sale**") was held on June 17, 2019 (the "**Sale Hearing**"). To the extent not withdrawn, any objections to the Sale are hereby deemed overruled.

**FOR THE REASONS STATED IN THE MOTION TO APPROVE THE SALE (DOC. 291), ON THE RECORD AT THE SALE HEARING, AND THOSE DETAILED IN THIS ORDER, THE COURT FINDS AND DETERMINES THAT:**

A. On July 17, 2018, the Court entered a Temporary Restraining Order ("**TRO**") appointing the Receiver as the temporary receiver for certain of the Corporate Defendants[1] (Doc. 98).

---

[1] Capitalized terms not defined herein shall have the same meaning as set for the in the *Motion for Order Authorizing Proposed Sale of Real and Personal Property at 78 Scena Ct, Sunrise Beach, Camden County, Missouri* (Doc. 291).

B. On September 6, 2018, the Receiver submitted Notice of Temporary Receiver's Determination of Additional Receivership Entities after determining that TB2 should be designated a Receivership Entity (Doc. 185).

C. TB2 owns a lake house at 78 Scena Ct., Sunrise, Missouri (the "**Lake House**"), legally described as:

> All of Lot Number 1657-1 of a RESUBDIVISION OF LOTS 1657, 1658, AND 1659, LA RIVA EST NO. 3, as shown on the plat of said subdivision, filed for record in Plat Book 82, at Page 21, in the Recorder's Office of Camden County, Missouri.

D. The Lake House is subject to a deed of trust securing the debt held by Bank of America ("**BOA**"). As of June 14, 2019, BOA asserts a debt owed of approximately $1,580,603.03.

E. The Receiver subsequently entered into a Seller's Agency Listing Contract (Exclusive Right to Sell) (the "**Listing Agreement**") with RE/MAX Lake of the Ozarks (the "**Realtor**") with respect to the Lake House. The principal agent of Realtor is Jane Kelly.

F. On March 2, 2019, the Parties filed with the Court their *Stipulated Order for Permanent Injunction and Monetary Judgment* (the "**Stipulated Order**") (Doc. 263). The Stipulated Order was entered on March 13, 2019 and the Receiver became the permanent receiver of TB2 (Doc. 264).

G. Pursuant to the Stipulated Order, the Receiver was empowered to serve as "Manager" of TB2 and was authorized to take any action necessary to perform his duties as Manager of TB2 including, without limitation, executing any required titles, deeds, bills of sale, or similar documents (Doc. 263, § IX.L).

H. On April 22, 2019, the Receiver filed his *Motion to Approve Sale Procedures Related to Sale of 78 Scena Ct, Sunrise Beach, Missouri and Related Property* (the "**Procedures**

**Motion**") (Doc. 278).  The Procedures Motion was granted on May 10, 2019 ("**Procedures Order**")(Doc. 283).  The Procedures Motion and Procedures Order were subsequently modified by Court in order to designate *The Reporter* as the authorized paper of general circulation (Doc. 290 and 293).

I.  CP-RE3, LLC and the Receiver entered into a Real Estate Purchase Agreement (the "**Sale Contract**") related to the Lake House and the personal property identified in the Sale Contract (together with the Lake House, the "**Lake House Property**").  On May 23, 2019, the Receiver filed his *Motion for an Order Authorizing Proposed Sale of Real and Personal Property at 78 Scena Ct, Sunrise Beach, Camden County, Missouri* (the "**Sale Motion**")(Doc. 291).

J.  The Court has jurisdiction to hear and determine the Sale and Sale Motion and venue is proper pursuant to relevant law, including but not limited to 28 U.S.C. §§ 2001(b) and 2004.

K.  The Sale is predicated upon 28 U.S.C. §§ 2001(b) and 2004.

L.  As evidenced by the *Certificate of Service* in the Sale Motion and such other evidence as submitted on the record, notice was served via the Court's electronic filing system on those parties receiving electronic notice by such system.  Further, 28 U.S.C. § 2001(b) requires ten days' publication notice of a proposed sale.  On May 28, 2019, the Court designated *The Reporter* as the authorized paper of general circulation. Notice of the proposed sale was published in *The Reporter* on May 29, 2019, June 5, 2019 and June 12, 2019 (Doc. 300).  The Court finds the scope and manner of notice and service to be proper, timely, adequate, and sufficient in accordance with 28 U.S.C. §§ 2001(b) and 2004.  No further notice of the Sale, the Sale Motion or the Sale Hearing is or shall be required.

M.  A reasonable opportunity to object or to be heard regarding the Sale has been afforded to all parties in interest.

N.  Prior to the Sale Hearing, Ray Medlock and Laura Medlock as trustees for the Ray F. and Laura L. Medlock Family Trust ("**Medlock**") submitted an offer to the Receiver in the amount of $2,200,000 (the "**Competing Offer**"). Medlock agreed prior to and at the Sale Hearing to modify the Competing Offer to remove certain contingencies and other provisions so that it more closely resembled the Sale Contract in all material respects. On account of such agreements, the Court found the Competing Offer was a bona fide offer pursuant to 28 U.S.C. § 2001(b) and implemented the sale procedures as set forth in the Procedures Motion and approved in the Procedures Order (the "**Sale Procedures**"). Further, pursuant to the Sale Procedures, the Court adopted additional sale procedures at the Sale Hearing (the "**Additional Procedures**") as recommended by the Receiver in his *Receiver's Report and Recommendation Related to the Proposed Sale of Real and Personal Property at 78 Scena Ct, Sunrise Beach, Camden County, Missouri* (Doc. 299). Ultimately, CP-RE3, LLC was the successful party with an offer of $2,410,000.

O.  The sale process conducted by the Receiver, including the methodology for determining the highest and best offers, was conducted in a manner that was reasonably calculated to achieve the highest and best offers for the Lake House Property. The Sale was conducted in a non-collusive, fair and good faith manner and a reasonable opportunity has been given to any interested party to make a higher or otherwise better offer for the Lake House Property.

P.  CP-RE3, LLC and its permitted assigns under the Sale Contract specifically including, without limitation, CP-RE4, LLC, a Nebraska limited liability company (collectively, the "**Buyer**") are approved as the buyer for the Lake House Property as set forth in the executed

Sale Contract attached as Exhibit A to the Sale Motion and incorporated by reference; <u>provided, however</u>, Buyer is directed to execute an amendment to the Sale Contract to reflect a purchase price of $2,410,000. All further references in this Order to the Sale Contract include the purchase price amendment. The Receiver has full power and authority to execute the amendment to the Sale Contract and all other documents referenced in or contemplated by the Sale Contract or that are necessary or appropriate to effectuate the sale of the Lake House Property as contemplated under the Sale Contract. All actions contemplated by the Sale Contract have been duly and validly authorized by all necessary action of the Receiver and this Court. The Receiver has the full power and authority to consummate the transactions contemplated by the Sale Contract. No further consents or approvals, other than entry of this Order, are required for the Receiver or Buyer to consummate the transactions contemplated in the Sale Contract.

Q. Approval of the Sale Contract and consummation of the transactions contemplated therein are in the best interests of the Receivership estate.

R. The Receiver has demonstrated both (a) good, sufficient, and sound business purpose and justification for the sale of the Lake House Property and (b) that the requirements pursuant to 28 U.S.C. §§ 2001(b) and 2004 have been satisfied including, without limitation, the two-thirds appraisal value requirement (Doc. 283 and 301).

S. The Sale Contract was negotiated, proposed, and entered into by the Receiver and Buyer in good faith, without collusion, and was the result of arm's-length bargaining and after an extended sale process at the Sale Hearing.

T. The sale of the Lake House Property to Buyer pursuant to the Sale Contract is reasonable and appropriate under the circumstances.

U. The Receiver is authorized to sell the Lake House Property. The transfers of the

Lake House Property to Buyer pursuant to the Sale Contract will be legal, valid, and effective transfers of the Lake House Property, and will vest Buyer with fee simple title, free and clear of any lien, claim, right, title or interest of TB2, BOA, or the Receivership estate in and to the Lake House Property.

V. The Receiver has not granted any lien or security interest in the Lake House Property to any person. Except for any express warranties made by Receiver to Buyer set forth in the Sale Contract, the Receiver makes no representation or warranty, express or implied, regarding any aspect of the Lake House Property.

W. This Order shall be effective and enforceable immediately upon entry. This Order does not resolve all the claims in the underlying action or the Receivership. Pursuant to Fed. R. Civ. P. 54(b), the Court expressly determines that there is no just reason for delay and that this Order is a final judgment as to the matters specifically addressed herein including, without limitation, the Receiver's sale of the Lake House Property.

X. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

**BASED ON THE FOREGOING FINDINGS, GOOD CAUSE EXISTS FOR ENTRY OF THE FOLLOWING ORDER. IT IS THEREFORE ORDERED:**

1. The notice of the Sale, Sale Motion and Sale Hearing are approved as being fair, reasonable and adequate under the circumstances of these cases, and any additional notice as may otherwise be required under state and federal law is hereby deemed satisfied.

2. The Sale Motion is **GRANTED** as set forth herein and the sale of the Lake House Property is hereby approved, authorized and confirmed as set forth in this Order.

3. All objections to the Sale Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby **OVERRULED** on the merits.

4. The Sale Contract, all exhibits and schedules thereto, and all of the terms and conditions thereof are hereby approved and confirmed in all respects.

5. The Court notes that the Sale was conducted in a commercially reasonable manner, adequate notice of the Sale, Sale Procedures, and details of the proposed sale were provided, there is no relationship between Buyer and Receiver or TB2, the sale is an arm's length transaction, and BOA, as the party asserting a lien as to the property to be sold, will be paid in full as a result of this transaction.

6. Pursuant to 28 U.S.C. §§ 2001(b) and 2004, the Receiver is authorized and directed to consummate the sale of the Lake House Property, pursuant to and in accordance with the terms and conditions of the Sale Contract including, without limitation, to convey to Buyer the Lake House Property.

7. Without need for any additional Court order, the Receiver is authorized to execute and deliver, and empowered to perform under, consummate, and implement the Sale Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Contract, and to take all further actions as may be reasonably requested by Buyer or as otherwise required under the Sale Contract.

8. The consideration to be provided by Buyer for the purchase of the Lake House Property under the Sale Contract constitutes reasonably equivalent value, fair value, and fair consideration therefor under 28 U.S.C. §§ 2001(b) and 2004, the Uniform Fraudulent Transfer Act, and any other applicable state, federal or international law.

9. Pursuant to 28 U.S.C. §§ 2001(b) and 2004, the transfer of the Lake House Property to Buyer pursuant to the Sale Contract shall (a) be a valid, legal, binding, and effective transfer, and (b) vest Buyer with fee simple title, free and clear of any lien, claim, right, title or interest of TB2, BOA, or the Receivership estate in and to the Lake House Property effective as of the time of the transfer under the Sale Contract.

10. Upon closing, Buyer shall pay the purchase price to the title company closing the Sale. The title company shall disburse and apply the proceeds of the sale in the following priority:

    a. Regular and customary costs of sale as allocated in the Sale Contract;

    b. The Receivership estate's share of all outstanding real estate taxes and assessments owed to Camden County, Missouri or other taxing or governmental authorities with respect to the Lake House Property;

    c. All debt and obligations owed to BOA under its various loan documents in exchange for BOA's release of its deed of trust;

    d. The broker commission not to exceed six percent (6%) of the gross sale price and to be shared equally between the Receiver's sale agent and Buyer's sale agent; and

    e. The balance to the Receiver.

11. Pursuant to relevant law, including but not limited to 28 U.S.C. §§ 2001(b) and 2004, all persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Receiver to transfer the Lake House Property to Buyer in accordance with this Order and the terms of the Sale Contract or otherwise interfere with Buyer's title to or use and enjoyment of the Lake House Property.

12. On and after the closing date of the Sale Contract, except as otherwise set forth herein or in the Sale Contract, the Receiver shall have no liability or responsibility for the Lake House Property.

8
WA 12735040.3

13. The Receiver is authorized to execute such other necessary documents and take other necessary actions in connection therewith.

14. The failure specifically to include any particular provision of the Sale Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Contract be authorized and approved in its entirety.

15. The consideration to be provided by Buyer for the Lake House Property under the Sale Contract is fair and reasonable.

16. The terms and conditions of the Sale Contract and this Order shall be binding in all respects and shall inure to the benefit of the Receiver, the Receivership Estate and TB2's creditors and interest holders, successors, and assigns and Buyer, and its respective affiliates, successors and assigns notwithstanding any subsequent appointment of any receiver(s), as to which receiver(s) such terms and provisions likewise shall be binding.

17. The Sale Contract and any related agreements, documents or other instruments may be modified, amended, supplemented, or waived by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that such modification, amendment, supplement, or waiver shall not have a material adverse effect on the Receivership estate.

18. The provisions of this Order are non-severable and mutually dependent.

19. In the event of any inconsistency between the terms and provisions of this Order, any pleading, and the Sale Contract, the terms and provisions of this Order shall control unless explicitly provided otherwise herein.

20. Should the Buyer fail to close on the sale pursuant to the Sale Contract, and without further order from this Court, the Receiver is authorized and empowered to sell the Lake House

WA 12735040.3

Property to Medlock and execute and deliver the agreements contemplated herein and to implement and consummate all of the transactions and perform all obligations contemplated by the Medlock's last offer at the Sale Hearing, $2,410,000, and this Order as if Medlock were the Buyer and Medlock shall be entitled to all of the findings and protections of this Order; provided, however, that upon being notified of such a circumstance, that Medlock shall within three (3) business days after such notification provide a non-refundable $50,000 earnest money deposit and execute any required contracts, amendments or counteroffers to reflect Medlock's last offer at the Sale Hearing including with respect to price and waiver of various contingencies and other provisions agreed to on the record at the Sale Hearing.

21. This Court retains jurisdiction to construe, enforce, and implement the terms and provisions of this Order, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (i) compel delivery of the Lake House Property to Buyer, (ii) resolve any disputes arising under or related to the terms of this Order, and (iii) interpret, implement, and enforce the provisions of this Order.

22. This Court may supplement this Order with one or more additional orders within the scope of this Order, with or without additional notice or opportunity for a hearing to other parties depending upon the facts and circumstances as determined by the Court at the time the Court is requested to enter such separate order(s).

23. Pursuant to Fed. R. Civ. P. 54(b), as this is an Order on fewer than all of the claims for relief, the Court expressly determines that there is no just reason for delay and that this Order will be a final judgment as to the matters specifically addressed herein including, without limitation, the Receiver's sale of the Lake House Property.

**SO ORDERED.**

Date: June 19, 2019  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT