**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-00128-DGK |
| | ) | |
| NEXT-GEN, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING TEMPORARY RECEIVER'S MOTION FOR FEES AND
EXPENSES FROM SEPTEMBER 1, 2018, THROUGH DECEMBER 31, 2018, AND
DENYING A REQUESTED RATE INCREASE**

Now before the Court is the Temporary Receiver's Second Application for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period September 1, 2018, through December 31, 2018, and Request to Increase Billing Rates for 2019 (Doc. 254) as amended by the Corrective Supplement (Doc. 258) (collectively, the "Amended Motion"). The Amended Motion requests: (1) authorization to pay professional fees (Temporary Receiver, legal, accounting, computer services, etc.) of $489,748.99 and reimbursement expenses of $14,562.25; (2) authorization for the Temporary Receiver to transfer funds to the Temporary Receiver's disbursement account in which to cover approved receiver and professional fees; and (3) authorization for a proposed rate increase. No party has filed any objection or other response to the motion.

After carefully considering the request, the Amended Motion is GRANTED IN PART and DENIED IN PART.

On July 17, 2018, this Court entered a Temporary Restraining Order ("TRO") (Doc. 98). Among other things, the TRO appointed Eric Johnson as Temporary Receiver of the Receivership

Entities[1] in this case. *Id.* at 14. The TRO provided that the "Receiver and all personnel hired by the Receiver . . . are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities." *Id.* at 24.

On November 6, 2018, the Court granted the Temporary Receiver's First Application for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period July 17, 2018 through August 31, 2018. This application was for services furnished by the Temporary Receiver and his retained professionals incurred in performing tasks required by the TRO. The Court approved payment of the following amounts from receivership assets: (1) $58,616.00 in fees to the Temporary Receiver; (2) $180,648.50 in fees, plus $10,243.31 in expenses, to the Temporary Receiver's attorneys Spencer Fane LLP ("Spencer Fane"); (3) $20,790.00 in fees, plus $9,350.00 in expenses, to UnitedLex Corporation ("UnitedLex") for computer services; and (4) $1,961.28 in fees to RubinBrown LLP ("RubinBrown"). Order at 3 (Doc. 226). The total amount approved was $222,993.09.

The Temporary Receiver now moves for an award of professional fees and expenses incurred from September 1, 2018, through December 31, 2018. The amended motion seeks: (1) $142,077.25 in fees for the Temporary Receiver; (2) $233,633.20 in fees, plus $10,862.25 in expenses, for Spencer Fane; (3) $88,736.99 in fees to RubinBrown; (4) $21,480.00 in fees, plus $3,700.00 in expenses, for UnitedLex; and (5) $3,821.55 in fees and expenses for Rox's Images. The total amount of fees and expenses requested is $504,311.24.

---

[1] The TRO defines a Receivership Entity as any corporate Defendant, and "any other entity that has conducted any business related to the Defendants' distribution of deceptive sweepstakes or other prize mailers, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant." TRO at 4-5.

The requests covers a wide variety of services and costs incurred by the Temporary Receiver and his retained professionals on behalf of the Receivership Entities, including, but not limited to: maintaining a chain of custody for the estate property, securing the Receivership Entities' primary business premises, managing the Receivership Entities' assets, conducting a privilege review of documents at a facility, ensuring compliance with the asset freeze, researching and properly terminating all of the various Employee Benefit Plans and 401(k) plans, and consulting with the parties and the Court.

After reviewing the record, the Court finds this portion of the motion should be granted. First, the total amount of fees and expenses requested is reasonable given the complex nature of this case, the numerous tasks performed by the Temporary Receiver, and the complexity of these tasks. Second, the requested hourly rates are not unreasonable. Third, the fact that no opposition or other response has been filed supports a finding that the amount of fees and expenses are reasonable.

The portion of the motion seeking pre-approval to increase the rates charged by Spencer Fane, however, will not be approved. The rates the Court will pay for legal services are those it previously approved as fair and reasonable, that is, the 2018 rates.

Accordingly, the Amended Motion is GRANTED IN PART. It is ORDERED that the Temporary Receiver may pay the following amounts from receivership assets:

(1) $142,077.25 in fees for the Temporary Receiver;

(2) $233,633.20 in fees, plus $10,862.25 in expenses, for Spencer Fane;

(3) $88,736.99 in fees to RubinBrown;

(4) $21,480.00 in fees, plus $3,700.00 in expenses, for UnitedLex; and

(5) $3,821.55 in fees and expenses for Rox's Images.

IT IS FURTHER ORDERED that the Temporary Receiver is authorized to transfer funds to the Temporary Receiver's disbursement account in which to cover these payments.

The Temporary Receiver's request to increase the rates paid to Spencer Fane is DENIED.

**IT IS SO ORDERED.**

Date: September 30, 2019                          /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT