# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| and | ) |
| STATE OF MISSOURI, | ) |
| Plaintiffs, | ) Case No. 4:18-CV-00128-DGK |
| v. | ) |
| NEXT-GEN, INC., et al., | ) |
| Defendants. | ) |

## ORDER GRANTING TEMPORARY RECEIVER'S MOTION FOR FEES AND EXPENSES FROM JANUARY 1, 2019, THROUGH APRIL 30, 2019

Now before the Court is the Third Application by Eric Johnson, Receiver/Trustee, for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses for the Period January 1, 2019, through April 30, 2019 (Doc. 286), as amended by the Receiver's Supplemental Suggestions in Support of the Third, Fourth, and Fifth Applications for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses (Doc. 324). As amended,[1] the Third Application requests authorization to pay professional fees (for the Temporary Receiver, the Temporary Receiver's legal counsel, and a provider of computer services) and reimburse expenses totaling $390,557.32. The Third Application also requests authorization for the Temporary Receiver to pay such fees and expenses from receivership assets.

---

[1] The supplemental suggestions recalculate the requested fees for the Third, Fourth, and Fifth Applications in light of the Court's September 30, 2019, order denying an increase in attorney fee rates.

Plaintiffs Federal Trade Commission and the State of Missouri have filed a response to the Third Application (Doc. 292). Plaintiffs do not object to the Temporary Receiver and computer services' providers' request for fees, but observe they have not had an opportunity to review detailed billing statements for the Temporary Receiver's counsel, Spencer Fane, and so take no position on that portion of the request. Plaintiffs' brief emphasizes caselaw holding that receivers and attorneys engaged in the administration of estates in federal court should be awarded only moderate compensation, particularly where, as here, numerous consumers have been defrauded and are likely to recover only a fraction of their losses. *See*, *e.g.*, *SEC v. Byers*, 590 F. Supp. 2d 637, 645 (S.D.N.Y. 2008). Plaintiffs also request that all materials supporting the Temporary Receiver's application for fees and expenses—including Spencer Fane's detailed billing statements—be filed publicly, with redactions to individual billing entries only where necessary.

The Temporary Receiver filed a reply brief (Doc. 294) in which he agreed to file billing statements that would be redacted only to the degree necessary to preserve attorney client and work product privileges. He also argued that the fees requested were moderate in light of the volume of work performed, and that Spencer Fain had worked at discounted rates.

Plaintiffs' concerns are well-taken. Indeed, these concerns factored into the Court's previous decision to deny requested rate increases for attorneys' fees. The Court also notes that the Temporary Receiver has taken Plaintiffs' concerns to heart by making all material related to the fee and expense applications publicly available and filing such material with limited redaction where possible. To the extent Plaintiffs believe additional material should be made available, or made available without redaction, the Court encourages them to share their concerns directly with the Temporary Receiver. If their concerns are not abated, the Court encourages Plaintiffs to file a

formal motion identifying what additional material should be made public or filed without redaction.

Turning to the merits of the Third Application, after carefully considering the work performed, the motion is GRANTED AS AMENDED.

On July 17, 2018, this Court entered a Temporary Restraining Order ("TRO") (Doc. 98). Among other things, the TRO appointed Eric Johnson as Temporary Receiver of the Receivership Entities[2] in this case. *Id.* at 14. The TRO provided that the "Receiver and all personnel hired by the Receiver . . . are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities." *Id.* at 24. The Court previously approved two applications for payment of fees and expenses to the Temporary Receiver and vendors totaling $727,304.33.

The pending Third Application seeks: (1) $119,510.00 in fees for the Temporary Receiver; (2) $240,675.20 in fees, plus $6,482.16 in expenses, for counsel Spencer Fane; and (3) $23,100 in fees, plus $789.96 in expenses, for computer services vendor UnitedLex. The total amount of fees and expenses requested is $390,557.32. These requests covers a wide variety of services and costs incurred by the Temporary Receiver and his retained professionals on behalf of the Receivership Entities, including, but not limited to: continuing to secure the Receivership Entities' primary business premises and assets, managing these assets, addressing various insurance issues, continuing to image and secure three sets of servers and dozens of computers, addressing issues associated with the Receivership Entities' various employee benefit plans and taking action related

---

[2] The TRO defines a Receivership Entity as any corporate Defendant, and "any other entity that has conducted any business related to the Defendants' distribution of deceptive sweepstakes or other prize mailers, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant." TRO at 4-5.

3

to them (including researching and properly terminating substantially all of the employee benefit and 401(k) plans), and working on transfer issues related to the Receivership Trust including property interests in a Bentley car, a yacht, and real property in Cabo San Lucas.

After reviewing the record, the Court finds the total amount of fees and expenses requested is reasonable given the complex nature of this case, the numerous tasks performed by the Temporary Receiver, and the complexity of these tasks. The Court also finds the hourly rates being paid (that is, the 2018 rates) are not unreasonable.

Accordingly, the motion (Doc. 286), as amended by the supplemental suggestions (Doc. 324), is GRANTED. It is ORDERED that the Temporary Receiver may pay the following amounts from receivership assets:

(1) $119,510.00 in fees for the Temporary Receiver;

(2) $240,675.20 in fees, plus $6,482.16 in expenses, for Spencer Fane; and

(3) $23,100 in fees, plus $789.96 in expenses, for UnitedLex.

IT IS FURTHER ORDERED that the Temporary Receiver is authorized to transfer funds to the Temporary Receiver's disbursement account to cover these payments.

**IT IS SO ORDERED.**

Date:  October 24, 2019              /s/ Greg Kays
                                     GREG KAYS, JUDGE
                                     UNITED STATES DISTRICT COURT